IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 412-119 |
| | * |
| CHARLES STARKS | * |

O R D E R

Defendant Charles Starks has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), maintaining that his case presents extraordinary and compelling reasons to reduce his sentence. On February 11, 2013, Defendant was sentenced to serve 162 months upon his conviction for possession of a firearm and ammunition by a convicted felon and possession with intent to distribute marihuana. His guideline range, particularly his criminal history category, was based upon his status as a career offender under the United States Sentencing Guidelines. Through his present motion, Defendant primarily contends that he would no longer be considered a career offender if he were sentenced today; thus, his guideline range would be lower, and his sentence should be reduced.

The Court begins with the unchanged, bedrock principle of criminal law that it cannot modify a sentence once it has been imposed unless expressly permitted to do so by statute. See United

States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). One such statute, 18 U.S.C. § 3582(c), provides three circumstances for modification. Under the first exception, the one cited here, a court may entertain a motion for compassionate release under certain extraordinary and compelling circumstances. See 18 U.S.C. § 3582(c)(1)(A).

The Eleventh Circuit has explained that the compassionate release provision imposes three conditions on granting a sentence reduction: (1) the existence of extraordinary and compelling circumstances; (2) adherence to Policy Statement applicable to compassionate release motions, U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

Policy Statement § 1B1.13(b), as amended, provides a list of extraordinary and compelling reasons sufficient to support a compassionate release motion. As relevant here, § 1B1.13(b)(6) titled "Unusually Long Sentence" provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the

2

> Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

At sentencing in this case, the United States Probation Office prepared the Presentence Investigation Report ("PSI") utilizing the 2012 United States Sentencing Guidelines. (PSI ¶ 13.) Defendant's criminal history category was determined to be VI because he was considered a career offender under U.S.S.G. § 4B1.1.[1] (Id. ¶ 41.) With an offense level at 27 and a criminal history category at VI, Defendant's guideline range was determined to be 130 to 162 months imprisonment. (PSI ¶ 55.) Defendant was sentenced to 162 months, consisting of 120 months on the firearm charge (the statutory maximum) and a term of 48 months on the drug possession charge "to be served consecutively with each other, to the extent necessary to produce a total term of 162 months." (Judgment & Commitment Order, Doc. 30, at 2.)

With respect to his career offender status, a defendant is a career offender under U.S.S.G. § 4B1.1(a) if "(1) the defendant was at least 18 years old at the time the defendant committed the

---

[1] Defendant's adjusted offense level of 30 was based upon his firearm conviction because it was higher than the career offender offense level. (PSI ¶ 29.) After a three-point adjustment for acceptance of responsibility, Defendant's total offense level was 27. (Id. ¶¶ 30-32.)

3

instance offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense." One of the predicate offenses upon which the Court relied in determining Defendant was a career offender was a Georgia burglary conviction in 2007. (See PSI ¶ 36.) Because of a change to the definition of "crime of violence" in U.S.S.G. § 4B1.2(a)(2), this burglary conviction would no longer qualify as a predicate offense. This change was occasioned by an amendment to the United States Sentencing Guidelines in 2016, Amendment 798, which removed burglary of a dwelling from the enumerated offenses list in the definition of "crime of violence."

The Government concedes that based upon Amendment 798, Defendant would not be considered a career offender if he were sentenced today. The problem for Defendant, however, is that the Unusually Long Sentence provision allows for consideration of changes in the law "**_other than_** an amendment to the Guidelines Manual that has not been made retroactive." U.S.S.G. § 1B1.13(b)(6) (emphasis added). Thus, because the Unusually Long Sentence Provision does not apply to changes in the law occasioned by nonretroactive guideline amendments, the provision does not apply to this Defendant.

Faced with this result, Defendant turns to another provision of the Policy Statement - U.S.S.G. § 1B1.13(c). Under his provision, a nonretroactive change in the law may be considered for purposes of determining a sentence reduction but only "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under the policy statement." This provision is also not applicable though because Defendant has not presented an extraordinary and compelling reason for compassionate release under U.S.S.G. § 1B1.13 independent of Amendment 798. His youth at the time of his crimes of conviction is not extraordinary, and his rehabilitation while in prison cannot stand alone as an extraordinary circumstance, see U.S.S.G. ¶ 1B1.13(d).

In sum, Defendant Charles Starks has failed to establish that he is entitled to compassionate release in accordance with the appliable Policy Statement, U.S.S.G. ¶ 1B1.13. Accordingly, his motion for compassionate release (doc. 59) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of December, 2024.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA